TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-03-00235-CV







Democracy Coalition, Stefan Wray, Risako Kurono, Matthew Korn, Kristan Barber,

Chandra Ward, Kristin Richardson, Lucinda Beringer, Sonia Santana,

Douglas Foxvog, Ann Stark, and Susana Almanza, Appellants


v.


The City of Austin, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN101586, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING








CONCURRING OPINION







 Citing Pineda v. City of Houston, 291 F.3d 325 (5th Cir. 2002), and Brown v. Bryan
County, Oklahoma, 219 F.3d 450 (5th Cir. 2000), the City urged a directed verdict as to the City on
the ground that appellants had failed to show a "repeated violation, so that the City is on notice of
a problem." Because the incident was a "single" incident, the City urged that the only basis upon
which appellants could establish liability was a failure-to-train theory. The City sought a directed
verdict and, in the alternative, an instruction to be given to the jury regarding the legal requirements
of municipal liability. Without stating the basis, the trial judge granted the City's motion.

 The gravamen of appellants' complaint is that they were deprived of their First
Amendment speech and assembly rights by the City's official policy concerning, inter alia, its use
of horses for crowd control at protest rallies. This is a separate theory of recovery from the failure-to-train theory, and relies on the existence of an articulated policy. As Justice Powell stated in his
concurring opinion in Monell, "There are substantial line-drawing problems in determining 'when
execution of a government's policy or custom' can be said to inflict constitutional injury such that
'government as an entity is responsible under § 1983.' This case, however, involves formal, written
policies of a municipal department . . .; it is the clear case." Monell v. Department of Soc. Servs.,
436 U.S. 658, 713 (1978) (Powell, J., concurring in part). In contrast, the court in Piotrowski, 
following a jury trial, concluded that "[o]n the facts of this case, no unconstitutional municipal
custom or policy was proven." See Piotrowski v. City of Houston, 237 F.3d 567, 580-581 (5th Cir.
2001).

 Unlike Pineda and Brown cited by the City, and Piotrowski on which the majority
relies, the City does not dispute that an official policy existed or that the officers acted pursuant to
the policy. Indeed, the City repeatedly elicited testimony that the police acted pursuant to the policy. 
Thus, the parties agree that a policy existed, and it is for the jury to determine whether it resulted in
a violation of appellants' federal constitutional rights. Among the questions remaining then was
whether the policy of use of mounted contact and other specified crowd control policies in the
context of this type of "expressive" crowd caused the alleged violation of appellants' constitutional
rights. See Monell, 436 U.S. at 690. Yet this is the very issue taken from the jury by the court's
grant of a directed verdict. Viewing the evidence in a light favorable to the party against whom the
directed verdict was rendered and disregarding all contradictory evidence, as we must, see Qantel
Bus. Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 303-304 (Tex. 1988), I would conclude that
there is evidence of probative value that raises a fact issue on the material questions presented that
should be decided by a jury, see id., and this issue should be remanded for further proceedings. I
otherwise join in Justice Pemberton's concurring opinion.



 

 Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Filed: July 15, 2004